IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEONDRE WALKER,

           Petitioner,

vs.

STATE OF NEBRASKA,

           Respondent.

8:22CV433

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's "Motion to Revive," Filing No. 1, and what the Court construes as a supplement to the Motion to Revive, Filing No. 2. In his pleadings, Petitioner challenges his "wrongful conviction" in the District Court of Douglas County, Nebraska, and asks the Court to "review [his] whole case . . . and take consideration of [his] arguments."[1] Filing No. 1 at 2; Filing No. 2 at 1. The Court takes judicial notice of Petitioner's state court records in *State v. Leondre Walker*, Case No. CR10-9053256, Doc. No. 161018, District Court of Douglas County, Nebraska, which show that he was sentenced on May 26, 2005 to life in prison with three consecutive terms of 40 to 50 years' imprisonment and one consecutive term of 10 to 20 years' imprisonment.[2]

The Court hereby notifies Petitioner that it intends to characterize his "Motion to Revive" and supplement as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus

---

[1] The Court notes that Petitioner makes several references to a "CPL § 440.10 Motion" in his supplement, which appears to refer to a motion to vacate judgment under N.Y. Crim. Proc. Law § 440.10. Since such motions arise under New York state law, they are inapplicable to a Nebraska criminal conviction.

[2] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that

"if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as Respondent in this matter, which is not the proper respondent.

Finally, if Petitioner decides to allow this action to proceed, then he also must either submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **January 30, 2023,** voluntarily withdraw his pleading entitled "Motion to Revive" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **January 30, 2023,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition.

3. Petitioner shall no later than **January 30, 2023,** submit the $5.00 filing fee to the Clerk's office or submit a request to proceed in forma pauperis if he intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

6. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number.

7. The Clerk of the Court is directed to set the following pro se case management deadline: **January 30, 2023**: check for (1) MIFP or payment and (2) motion to withdraw or amended habeas petition.

Dated this 29th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4