IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONDRE WALKER,<br><br>                Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                Respondent. | 8:22CV433<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Leondre Walker's ("Walker" or "Petitioner") Motion for Extension, Filing No. 15, and "Motion to be Heard," Filing No. 16. For the reasons that follow, both motions will be denied because Walker cannot bring this successive habeas action without the authorization of the Eighth Circuit Court of Appeals.

## I. BACKGROUND

On December 14, 2022, Walker filed what he captioned a "Motion to Revive," Filing No. 1, and what the Court construed as a supplement to the Motion to Revive, Filing No. 2. In his pleadings, Walker challenged his "wrongful conviction" in the District Court of Douglas County, Nebraska, and asked the Court to "review [his] whole case . . . and take consideration of [his] arguments." Filing No. 1 at 2; Filing No. 2 at 1. On December 29, 2022, the Court notified Walker that it intended to characterize his "Motion to Revive" and supplement as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, unless he moved to voluntarily withdraw his petition within 30 days. Filing No. 4. The Court further directed Walker to amend his habeas petition within 30 days to cure the identified deficiencies and to either pay the $5.00

filing fee or seek leave to proceed in forma pauperis if he decided to allow this action to proceed as a § 2254 habeas action. *Id*.

On January 26, 2023, the Court granted Walker's motion to proceed in forma pauperis, Filing No. 5, and advised Walker that he had until January 30, 2023, to either withdraw or amend his habeas petition. Filing No. 10. On February 6, 2023, Walker requested an extension of time to comply with the Court's instructions, Filing No. 11, which the Court granted out of an abundance of caution, Filing No. 12. Walker subsequently sought a ninety-day extension to file an amended habeas petition. Filing No. 13. The Court granted Walker's request, extending the deadline to amend to June 8, 2023, but advised him that "[n]o further extensions shall be granted." Filing No. 14, Text Order.

On May 15, 2023, Walker filed the present Motion for Extension, seeking a sixty-day extension to file an amended habeas petition. Filing No. 15. Subsequently, On June 20, 2023, Walker filed a motion asking "to be heard" because he "is unable to obtain any documents from trial attorney to do his habeas Corpus properly" and he "lacks any education of the law and needs a[n] attorney to assist him." Filing No. 16.

## II. DISCUSSION

Because Walker has not moved to withdraw his petition, the Court construes the petition, Filing No. 1; Filing No. 2, as one brought pursuant to 28 U.S.C. § 2254. In considering Walker's motions for extension and for a hearing, the Court has reviewed its own records which show that any amended petition he files would be barred as successive. The Court will, therefore, deny Walker's motions and dismiss this matter as set forth below.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a

3

new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Here, Walker challenges his 2005 conviction in the Douglas County District Court for first degree murder, attempted second degree murder, two counts of use of a deadly weapon, and possession of a firearm by a felon. Filing No. 1 at 1. Liberally construed, Walker alleges there was insufficient evidence to support his conviction, his conviction was obtained through use of his coerced confession, the trial court erred in finding him competent to stand trial, his sentence was excessive, the prosecution committed misconduct, and he received ineffective assistance of counsel. Filing No. 1 at 2.

This Court's records reflect that Walker's habeas corpus petition is successive. Walker unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation before the Honorable Laurie Smith Camp. *See Walker v. State of Nebraska*, 8:11-cv-00253-LSC-PRSE (D. Neb. Dec. 12, 2011) (Filing No. 12, dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice).[1] Walker's previous petition raised claims and arguments similar to those raised here, but Judge Smith Camp determined the petition was filed more than four

---

[1] Walker also filed an earlier habeas action on August 14, 2007, which the Honorable Lyle E. Strom dismissed without prejudice on October 4, 2007, because Walker failed to exhaust his state court remedies. *Walker v. Houston*, 4:07-cv-03208-LES-PRSE (D. Neb. Oct. 4, 2007) (Filing Nos. 7 & 8).

years after the one-year habeas statute of limitations had expired and equitable tolling did not apply. *Id*.

In this present action, Walker does not raise any new arguments or allege any new facts that suggest he is innocent of the underlying offense. While Walker seeks additional time to file an amended petition, there is nothing in his initial petition, supplemental filings, or motions for extension and hearing to suggest Walker can assert a colorable actual innocence claim. See also *State v. Walker*, 724 N.W.2d 552, 563 (Neb. 2006) (on Walker's direct appeal, Nebraska Supreme Court held: "Stating the obvious, the State adduced sufficient evidence beyond a reasonable doubt that a rational juror could find Walker guilty: Walker confessed to the murder of Carter and to the shooting of Thompson; Thompson testified that it was Walker who shot him in the face and killed Carter, and Walker admitted to Brown and Williams that he committed the robbery and shot Carter; and Walker's gun fired the two cartridge cases recovered at the scene."). Thus, the present petition is clearly successive, and Walker would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional

5

right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Walker has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised by Walker's pleadings are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition, Filing No. 1; Filing No. 2, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals.

2. Petitioner's pending Motion for Extension, Filing No. 15, and Motion to be Heard, Filing No. 16, are denied as moot.

3. No certificate of appealability has been or will be issued in this matter.

4. The Court will enter judgment by separate document.


Dated this 3rd day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge
